NO. 8163

COURT OF APPEAL

PARISH OF ORLEANS

-----

MR. AND MRS. ERNEST RUFFO

versus

H. E. ELLIOTT.

-----

Court of Appeal
PARISH OF ORLEANS
FILED JAN 2/22
J. Stansbury

8162

Dinkelspiel, J.

This suit grows out of the same controversy decided in this Court between these same parties, being record No. 7777 of this Court and it is contended that the plaintiffs in this case had instituted an action against the defendant claiming the sum of One Hundred and Twenty Five Dollars for rent when he had in the same action brought suit for possession and therefore the only question presented before us, is whether or not pending suit for possession an action for such rent for the said premises can be brought at the same time.

The same question was presented by the defendants and decided adversely to them by this Court and a copy of that opinion presents the issues and decides the question so that there is nothing left for further decision in this case.

"Mr. and Mrs. Earnest Ruffo

vs.                                    No. 7777

H. E. Marcotte.

Since the filing of the transcript of appeal in this case, the plaintiff has instituted an action in the District Court against the defendant in which he claims judgment for One Hundred Dollars for rent for the months of August, September, October and November last and for all such additional rents as may fall due from month to month pending the proceedings and that the lease for the remainder of the term be cancelled and annulled and that he be put in possession of the leased premises.

The defendant and appellant thereupon brought the above petition to the attention of this court, and construing said petition as an abandonment of the original suit for possession and incompatible          therewith, moved this court to remand this case to the District Court for the purpose of inquiring into the effect of that suit for rent uon this suit for possession.

We think it unnecessary to take such action, as the Supreme Court has already settled the question.  In the cases of Dubois vs. Exiques 14 A. 427, Fox vs. McKee 31 A. 67 and Doullut vs. Rush 142 La. 443 (451) the Supreme Court said that there was no inconsistency in the demand for the dissolution of a lease and for the rent during the occupancy of thxxx the lessee up to the time he surrenders possession of the leased premises. In the case of Delmar vs. Alberstadt 10 Ct. App. 148 this court decided that a notice to vacate and a suit for possession are not waived by a receipt, during the pendency of the suit, of rent past due.

The case of Deslonde vs. O'Hern 39 A. 14 relied upon by appellant is not in conflict with these opinions.  In that case in the Court maintained an injunction against the execution of a writ of eviction for the reason that, after the judgment of eviction, the lessor as a compromise, had "agreed not to execute this judgment and to permit the lessee to remain on the premises if he (the lessee) would pay costs and the entire rent."  The facts in this case are different.  The lessor has only sued for the rent accrued and to accrue during the actual occupancy of the premises by the lessee.   Surely the lessee cannot occupy the premises free of rent, nor does the law make the lessor forfeit his right to the rent as a penalty for suing for eviction for non-payment of rent, nor lose his right to a suit for eviction as a penalty for suing for rent due for occupancy.

The motion to remand is therefore denied, and as the petition for a rehearing has not convinced us of an error in our original opinion, the rehearing is also denied.

January 12th. 1920.

St.Paul, J: Concurs in the refusal to remand, but dissents as refusal to grant a rehearing." .

For the reasons assigned it is ordered, adjudged and decreed that the judgment of the Court aqua be and the same is hereby affirmed, ocsts of both 6ourts being paid by the defendant.

—Judgment affirmed.

NO. 8162.

COURT OF APPEAL

PARISH OF ORLEANS.

----

MR. AND MRS. ERNEST RUFFO

versus

H. E. MARCOTTE.

----

----

On rehearing.

Rehearing refused.

----

Dinkelspiel; J.

We are convinced that our reason for of judgment in this case was correct and therefore the original judgment rendered by us in this case is reinstated and now made the judgment of this Court.

For the reasons assigned the judgment herein rendered is affirmed with costs in both Courts against the defendant.

-Judgment affirmed-

Court of Appeal
PARISH OF ORLEANS

FILED MAR 13/22

228